Filed June 18, 1884.

No. 10,841.

HAYES v. THE STATE, EX REL. MURRAY.

DRAINAGE.—*Notice to Pay Assessment.—Publication of.—Evidence.*—A single publication of a proper notice to pay an assessment for drainage, made in a newspaper of the county thirty days before the time fixed for payment, is a compliance with section 4277, R. S. 1881, and is sufficient as to time; but proof that " a notice was sent to the land-owner by mail," without evidence of the time when or place where it was sent, or the contents of the notice, is not sufficient.

From the Grant Circuit Court.

*G. W. Harvey,* for appellant.

*J. L. Custer,* for appellee.

BICKNELL, C. C.—This was a suit by the appellee to re-cover assessments for benefits under the drainage act. R. S. 1881, chapter 49.

The defendant's answer was the general denial.

There was a finding by the court for the plaintiff for $35.60. The defendant's motion for a new trial was overruled, and judgment was rendered on the finding.

The defendant appealed. The error assigned is overrul-

ing the motion for a new trial.   The reasons for a new trial are, that the finding is not supported by sufficient evidence, and is contrary to law and to the evidence.

The appellee moves to dismiss the appeal for a defect in the assignment of errors and for want of notice of the appeal, but the appellant, under leave of the court, having amended his assignment of errors and given proper notice, the motion to dismiss the appeal is overruled.

The appellant claims that the evidence fails to show notice requiring payment of the assessment.

Section 4277, R. S. 1881, provides that "The commissioner charged with the execution of the work, * * * shall assess from time to time upon the lands benefited, ratably upon the amount of benefits as adjudged by the court, such sums of money as may be necessary therefor, not exceeding the whole benefits so adjudged upon any one tract; and he may require the same to be paid in instalments, not exceeding twenty per cent. per month, at such times as he shall fix after thirty days notice thereof, to be given by personal notice to the owner of such land, or by one publication in a newspaper published in each of the counties in which the lands benefited are situated, stating when and where such payment shall be made."

It appeared in evidence that the lands affected by the drainage were all in Grant county, and that the amount assessed against the appellant was $128, and that twenty per cent. thereof, together with an attorney's fee of $10, amounted to $35.60, the sum for which the judgment was rendered.

The appellee undertook to prove personal notice and also publication; he was not required to do both; the appellant claims that neither was sufficient.

As to personal notice, the only evidence is the following testimony of the drainage commissioner:

"I sent the defendant a notice by mail; don't remember that I saw Hayes and talked with him about it."

This was insufficient; it does not show what the notice was, nor when it was sent, nor to what postoffice it was sent.

As to the publication, the commissioner thus testified:

" I gave notice of the assessment by advertising," and the following notice and proof of publication were introduced in evidence:

## "ORDER TO PAY ASSESSMENTS.

"All persons having land assessed with benefits for the construction of the ' Tippey Ditch,' situate in VanBuren, Monroe and Center townships, are hereby required to pay me, at the auditor's office in Marion, Indiana, on November 7th, 1881, twenty (20) per cent. of said assessed benefits, the same being necessary for the construction of said ditch by me as ordered by the circuit court.        ELIAS C. MURRAY,

" Oct. 6th, 1881.                Drainage Commissioner."

"STATE OF INDIANA, GRANT COUNTY, ss:

" Personally appeared before me John Q. Brownlee, one of the publishers of the Marion Chronicle, a weekly newspaper of general circulation, printed and published in Marion, Grant county, Indiana, who, being duly sworn, upon his oath says, that the attached notice was duly published in said paper for one week, which publication was on the 6th day of October, 1881.                JOHN Q. BROWNLEE.

" Subscribed and sworn to before me this 8th day of May, 1882.                JOHN H. ZAHN, Clerk."

We think this was sufficient proof of publication. Section 4280, R. S. 1881, declares that " This act shall be liberally construed to promote the drainage and reclamation of wet or overflowed lands."

The appellant claims that the notice for thirty days should be counted from the end of a week after its first publication, but the statute is satisfied if one publication has been made thirty days before the day appointed for payment. In this case there were thirty days between the day of the publication and the day fixed for the payment.

The appellant claims also that there was no ratable assess-

ment "upon the amount of benefits as adjudged by the court." The evidence shows that the assessments were duly made and approved by the court.

The commissioner testified on this point as follows: "I levied twenty per cent. for the construction of the ditch on the entire assessment of benefits, and each one thereof; it was necessary."

It appeared on the cross-examination of said commissioner that he did not collect the assessments from all of the parties assessed, but took notes from some of them, and agreed that they need not pay until the work should be completed up to their lands. But this action of the commissioner, even if invalid, had no effect upon the ratable assessment. The failure of the commissioner to collect from some is no defence for others, and does not invalidate the ratable assessment.

There was evidence tending to support the finding; therefore it can not be disturbed. There was no error in overruling the motion for a new trial. The judgment ought to be affirmed.

PER CURIAM.—It is therefore ordered, on the foregoing opinion, that the judgment below be and the same is hereby in all things affirmed, at the costs of the appellant.

Filed June 21, 1884.